# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**DERRICK SCOTT (#126372)**            **CIVIL ACTION**

**VERSUS**            **NO. 18-891-JWD-EWD**

**UNKNOWN AJ, ET AL.**

## RULING

This matter comes before the Court in connection with the Court's Order[1] dated March 26, 2019 denying the Plaintiff authorization to proceed *in forma pauperis* in this case and directing him to pay, within twenty-one (21) days, the full amount of the Court's filing fee.

Pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), the Court determined that the Plaintiff was not authorized to proceed *in forma pauperis* herein, denied the Plaintiff's Motion to Proceed *In Forma Pauperis*, and ordered him to pay, within 21 days, the full amount of the Court's filing fee.[2] The Plaintiff was placed on notice that a failure to comply with the Court's *Order* "shall result in the dismissal of the Plaintiff's action without further notice from the Court."[3]

In accordance with 28 U.S.C. § 1915, a prisoner filing a civil action or appeal in federal court may be granted *in forma pauperis* status but is, nonetheless, required to pay the full amount of the Court's filing fee over time in incremental installments. However, such incremental payments are not allowed and *pauper* status shall be denied where the prisoner has filed, on at least three prior occasions while incarcerated, actions or appeals that have been dismissed as legally baseless. Specifically,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

---

[1] R. Doc. 4.
[2] *See* R. Doc. 4.
[3] R. Doc. 4.

or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In the instant case, the Plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[4]

Accordingly, pursuant to 28 U.S.C. § 1915(g), this Court denied the Plaintiff's motion to proceed *in forma pauperis* and directed him to pay the full amount of the Court's filing fee within 21 days. A review of the record by the Court reflects that the Plaintiff has failed to pay the filing fee as ordered. Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned proceeding be dismissed without prejudice for failure of the Plaintiff to pay the Court's filing fee. Judgment shall be entered accordingly.

**IT IS FURTHER ORDERED** that, considering the dismissal of Plaintiff's appeal,[5] Plaintiff's Motion for Leave to Appeal *In Forma Pauperis*[6] be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on July 1, 2019.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[4] Cases or appeals filed by the plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, *Derrick Scott v. James M. LeBlanc, et al.*, Civil Action No. 12-0239-BAJ-SCR (M.D., La.), *Derrick Scott v. Burl Cain*, Civil Action No. 12-0412-JJB-DLD (M.D., La.), and *Derrick Scott v. Officer Haney, et al.*, Civil Action No. 12-0439-JJB-DLD (M.D., La.). The first two referenced cases were dismissed because the plaintiff's Complaints made clear that he had failed to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e, and the United States Court of Appeals for the Fifth Circuit has concluded that the dismissal of an action for failure to state a claim is appropriate when it is clear from the face of a plaintiff's Complaint that he has not exhausted administrative remedies. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). In addition, such dismissals may be treated as "strikes" within the context of 28 U.S.C. § 1915(g). *See Emmett v. Ebner*, 423 Fed. Appx. 492 (5th Cir. 2011); *Martinez v. Bus Driver*, 344 Fed. Appx. 46 (5th Cir. 2009); *Johnson v. Kukua*, 342 Fed. Appx. 933 (5th Cir. 2009). Finally, the Court hereby takes judicial notice of proceedings before this Court in *Derrick Scott v. Trish Foster, et al.*, Civil Action No. 13-0665-JJB-RLB (M.D. La.), wherein both this Court and the FifthJuly 1, 2019 Circuit Court of Appeals found that the plaintiff had accumulated three strikes.
[5] R. Doc. 9.
[6] R. Doc. 7.